THE HONORABLE MAUREEN A. MCKEE

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| GERBER GIRON,<br><br>        Plaintiff,<br>vs.<br><br>E&E FOODS AND F/V BEAGLE, LLC,<br><br>        Defendants. | Case No. 20-2-13319-1 KNT<br><br>**SECOND AMENDED SEAMAN'S COMPLAINT FOR PERSONAL INJURIES, WAGES, MAINTENANCE AND CURE** |

COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

1. Plaintiff, Gerber Giron Barrios, brings and maintains this action pursuant to 28 U.S.C. § 1333; 46 U.S.C. §§ 30103 and 30104; the general maritime law and the Fair Labor Standards Act 29 U.S.C. § 201 et.seq.

2. The defendants do business and/or have principal places of business in King County, south of Interstate 90, State of Washington.

3. Defendants herein, E& E Foods and F/V Beagle, LLC, are corporations existing under and by virtue of the laws of a state or states unknown to plaintiff and at all times herein mentioned were acting by and through their officers, agents, servants, employees and

SECOND AMENDED SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE - 1
CASE NO.  20-2-13319-1 KNT

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

1  representatives, and have principal places of business or are doing business in the State of

2  Washington.

3     4.     The M/V Cape Grieg is a fishing vessel documented by the United States, official

4  number <u>654947</u>. During all times herein mentioned said vessel was owned or bareboat chartered

5  by the defendants and was engaged in maritime commerce.

6     5.     At all times herein mentioned, plaintiff was employed by the defendants as a

7  member of the crew, in the service of said vessel and was at all times acting within the course

8  and scope of his duties as fish processor in furtherance of the mission of said vessel.

9

10  **FIRST CAUSE OF ACTION: CLAIM FOR INJURY**

11     6.     On or about August 7, 2019, while said vessel was in navigable waters, plaintiff

12  was hit by a pan of fish thrown by a fellow processor, and did thereby sustain severe, painful and

13  disabling injuries to his left middle finger, and other injuries not fully known at this time.

14  Plaintiff prays leave to amend this complaint when the full extent of injuries and disabilities is

15  ascertained.

16     7.     Said injuries, disabilities, and damages were directly and proximately caused by

17  the unseaworthiness of the vessel; the negligence, in whole or in part, of the defendants and their

18  agents, servants and employees; and the failure of the defendants to provide a reasonably safe

19  place to work, in one or more of the following respects: Negligence of a coworker; speed of

20  production too fast for safety; hours too long for safety with insufficient rest breaks.

21     8.     As a direct and proximate result of the foregoing, plaintiff was caused to and did

22  incur reasonable charges for medical care and attention. Plaintiff does not know the reasonable

23

**SECOND AMENDED SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE - 2**
**CASE NO. 20-2-13319-1 KNT**

**JOHN W. MERRIAM**
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

1  value of said medical care and attention already rendered or to be rendered in the future and,

2  therefore, prays leave to amend this complaint to show the same.

3      9.    As a further result of the foregoing, plaintiff was rendered unable to engage in his

4  normal and usual occupation from August 7 to December 1, 2019.  Plaintiff may later be unable

5  to engage in his normal and usual occupation and prays leave to amend this complaint to allege

6  the full extent of said loss when the same is ascertained.

7      10.    Plaintiff demands maintenance from the defendants in a per diem amount to

8  recuperate on land with room and board at least equal to that received on defendant's vessel, until

9  the plaintiff reaches maximum cure or until the plaintiff is declared fit for duty, whichever last

10  occurs.  Plaintiff further demands the actual cost of cure until fully cured, and if never cured,

11  plaintiff demands the cost of cure for the remainder of plaintiff's natural life.

12      11.    Plaintiff is entitled to compensatory and consequential damages – including a

13  contingent attorney fee – for the negligent failure to pay maintenance and cure.  Plaintiff is

14  entitled to reasonable attorney fees for the arbitrary and capricious failure to pay maintenance

15  and cure.  Plaintiff is entitled to punitive damages for the willful and wanton failure to pay

16  maintenance and cure.

17      12.    Plaintiff is entitled to unearned wages (including bonuses and overtime) from the

18  day he left the vessel in August 2019 to the end of the season in September 2019. Said wages

19  have been demanded and denied.  Plaintiff is entitled to double wages under state law and

20  punitive damages under federal law.

21      13.    Eighty-nine (89) days following the filing of this action, plaintiff waives the

22  physician-patient privilege, under protest, and only on condition that the Court holds that a

23  waiver is required in this case.  This waiver is made pursuant to RCW 5.60.060(4)(b), as

**SECOND AMENDED SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE - 3**
**CASE NO. 20-2-13319-1 KNT**

**JOHN W. MERRIAM**
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

1  amended by Chapter 305, Laws of 1986; as limited by the civil discovery rules.  Specifically,

2  plaintiff authorizes no ex parte contacts or inquiry to medical personnel regarding matters not

3  reasonably calculated to lead to the discovery of admissible evidence.  This waiver is made

4  subject to plaintiff's challenge to the constitutionality of RCW 5.60.060(4)(b) on privacy

5  grounds, and the applicability of said statute to federal causes of action.

6

7  **SECOND CAUSE OF ACTION: CLAIM FOR MINIMUM AND OVERTIME**

8  **WAGES**

9  14.  Plaintiff worked the 2018 and 2019 summer salmon seasons in Alaska aboard the

10  M/V Cape Grieg.  Defendants adopted a policy of 'no fish, no pay' whereby the processors,

11  including plaintiff, were not paid when there were no fish to process.  Plaintiff and other

12  processors were on standby 16 hours per day, 7 days per week, waiting to work upon short

13  notice, when fish were delivered to process by catcher boats.  Defendants engaged plaintiff to

14  wait for these fish deliveries and then to process the fish when they were delivered.

15  15.  The failure to pay plaintiff minimum and overtime wages during standby time,

16  when plaintiff was required to wait on the vessel for fish deliveries, constituted violations of the

17  Fair Labor Standards Act 29 U.S.C. § 201 et.seq.

18  16.  Defendants' refusal to pay plaintiff minimum and overtime wages was a willful

19  act.

20  **THIRD CAUSE OF ACTION: UNJUST ENRICHMENT**

21  17.  By benefiting from plaintiff's standby duty without compensating him for that

22  work, the defendants have been unjustly enriched.

23

SECOND AMENDED SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE - 4
CASE NO.  20-2-13319-1 KNT

JOHN W. MERRIAM
4005 20th Avenue West, Suite 110
Seattle, Washington  98199
T (206) 729-5252 ♦ F (206) 729-1012

1    WHEREFORE, plaintiff prays judgment against the defendants as follows:

2    1.    For general damages, including damages for loss of consortium, as are reasonable
3 and fair;

4    2.    For such special damages, including found, as may be shown by the proofs
5 herein;

6    3.    For maintenance and cure, and for consequential and punitive damages for failure
7 to pay same;

8    4.    For earned and unearned wages and double wage penalties;

9    5.    For pre-judgment interest on all claims as is in the law provided;

10    6.    For costs of suit and reasonable attorney fees;

11    7.    For such other and further relief, including punitive damages, as is met and just in
12 the circumstances.

13

14    Dated this 28th day of January 2021.

15                        PATRICK PLEAS and JOHN MERRIAM,
                          of Attorneys for Plaintiff;

16                        By:   /s/ John W. Merriam
17                        John W. Merriam, WSBA #12749
                          4005 20th Avenue West, Suite 110
18                        Seattle, WA   98199
                          Telephone:  (206) 729-5252
19                        Fax:  (206) 729-1012
                          Email:  john@merriam-maritimelaw.com
20                        *Attorneys for Plaintiff*

21

22

23

**SECOND AMENDED SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE - 5**
**CASE NO.  20-2-13319-1 KNT**

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington  98199**
**T (206) 729-5252 ♦ F (206) 729-1012**