UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERBER GIRON,<br><br>  Plaintiff,<br><br>  v.<br><br>E&E FOODS AND F/V BEAGLE, LLC,<br><br>  Defendants. | Case No. C21-273RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |

This matter comes before the Court on Gerber Giron's Motion for Remand. Dkt. #6. Plaintiff moves the Court for an order remanding this action to King County Superior Court due to a lack of subject matter jurisdiction. Specifically, Plaintiff argues that the Court lacks jurisdiction because there is no diversity and he is bringing a Jones Act claim where removal is not permitted under 28 U.S.C. 1445(a). Although Plaintiff's Amended Complaint also includes a claim under the federal Fair Labor Standards Act, *see* Dkt. #1-2, Plaintiff cites to a secondary source indicating that "[t]he fact that a seaman's complaint for personal injury includes a contractual wage claim does not act as a waiver of the plaintiff's right of non-removal." *Id*. at 1–2 (citing Force and Norris The Law of Seaman §30:25 (2016 update to 5th ed.)).

Defendants E&E Foods and F/V Beagle, LLC point out that "The Ninth, Second, and Fifth Circuit Courts of Appeal have addressed the precise issue presented in Plaintiff's Motion

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND - 1

to Remand and all three have concluded that a Jones Act claim is removable when joined with a separate and independent claim that is within this Court's federal question jurisdiction." Dkt. #10 at 1 (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001); *California Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 99 n.13 (2d Cir. 2004); *Hopkins v. Dolphin Titan Int'l, Inc.*, 976 F.2d 924, 926 (5th Cir. 1992)). *Hopkins* specifically found "[a] Jones Act claim filed in state court… generally is not removable despite an independent basis of federal jurisdiction unless the Jones Act claim is joined with a separate and independent claim that is within our federal question jurisdiction." 976 F.2d at 926. Defendants respond to Plaintiff's main legal authority by stating that "…the type of wage claim that is cited to in the Force and Norris treatise is a contractual wage claim, and not one arising under the FLSA" and that "[n]one of the authorities cited in the Force and Norris treatise on the point as cited by Plaintiff address an FLSA claim." Dkt. #10 at 5.

Plaintiff's one-page Reply fails to address the above authority and merely argues that his FLSA claim is "inextricably intertwined" with his Jones Act claim. Dkt. #12.

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically, it is presumed "that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND - 2

establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

Strictly construe the removal statute against removal jurisdiction, the Court nevertheless finds that Defendants have met their burden of establishing that removal was proper. Although a Jones Act claim alone is not removable, in this case there is an independent basis for removal—the federal question raised by Plaintiff's FLSA claim.

Defendants request fees under LCR 11(c), labeling this an "unnecessary motion" under that rule. Dkt. #10 at 6. A district court is vested with discretion in deciding whether or not to enter Rule 11 sanctions. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Although Plaintiff's position may have been a losing one, the Court finds that Defendants have failed to demonstrate that Rule 11 sanctions are warranted at this early stage in the case.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion to Remand, Dkt. #6, is DENIED.

DATED this 5th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND - 3